KARL WILLIAM VIEHE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Viehe v. Commissioner
Docket No. 29113-91
United States Tax Court
T.C. Memo 1993-309; 1993 Tax Ct. Memo LEXIS 315; 66 T.C.M. (CCH) 127; July 15, 1993, Filed *315 Decision will be entered under Rule 155. Karl William Viehe, pro se. For respondent: David Click. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the tax year 1989 in the amount of $ 9,944. Concessions having been made by the parties, the issues for decision are: (1) Whether petitioner is entitled to carry forward losses that were distributed to him as general partner in several real estate partnerships; and (2) whether petitioner can substantiate certain expenses incurred in his law practice reported on his Schedule C. Petitioner resided in Washington, D.C., at the time the petition was filed. Petitioner was a general partner in some real estate development partnerships *316 from 1976 through 1984. All of these ventures failed and petitioner carried forward various losses to his 1989 tax return. In addition, petitioner began a law practice in 1983 and filed a Schedule C for the tax year in question with regard to expenses relating to the practice. On his 1989 Schedule C, petitioner reported $ 7,520 in income from his law practice and expenses of $ 55,805. Petitioner has substantiated some $ 28,000 in expenses. During the tax year in question petitioner taught mathematics, law, and international business at several universities in the D.C. metropolitan area and was also engaged in the practice of law. He subleased office space on Pennsylvania Avenue. In 1989, petitioner took around 4 or 5 trips to the Soviet Union for the purpose of furthering several business contracts. Petitioner maintained that he kept letters regarding meetings he had while in the Soviet Union. He stated that he kept financial records by the use of credit card slips or cancelled checks. Respondent argues that petitioner used his personal credit card to pay his business expenses; however, petitioner states that he had to use his personal credit card due to the fact that during *317 the past several years he had severe financial setbacks resulting from the losses of various partnerships. As a result, his credit had to be reestablished, and he used his personal credit card to run his business. The business expenses that were charged included travel, entertainment, equipment, and office supplies. An amount of $ 11,347.50 was supposedly charged to Visa regarding such expenses. Petitioner failed to demonstrate to this Court what these expenses represent. In addition, petitioner presented checks totaling $ 3,966 that he had paid to his travel agent. For the tax year in question, petitioner claimed $ 40,114.70 as a loss carryforward relating primarily to two partnerships, Metro Development and Ex-Marque Development. Petitioner claims that he initially invested $ 54,000 in 1976 in the Metro partnership and added $ 55,000 in 1981. He did not produce any substantiating documentation to the Court although he stated he had maintained such records. As for Ex-Marque Development, he stated his contribution was $ 10,000 for which he did not produce any documentation. He also took several small loss deductions on various other projects during 1989. However, Metro *318 Development and Ex-Marque Development represent by far the larger of the claimed loss deductions. Petitioner stated that he was personally liable on partnership notes. However, he does not know how or when these debts were satisfied. We note that the Metro partnership agreement dated August 1, 1976, listed petitioner as owning in its entirety 68,250 units which allegedly represents 22.75 percent of the partnership interest. As to just what these units represent, we do not know. Furthermore, as to petitioner's increase in investment, he has failed to bring forward any evidence as to how much and when such capital accounts were increased. The statutory notice of deficiency disallowed the carry forward losses from petitioner's 1982 partnership losses because petitioner did not establish the basis for such loss deductions. Petitioner claimed a 1982 $ 110,305 loss on Metro Development and a 1982 $ 47,463 loss on Ex-Marque Development. Up until 1989 petitioner claimed various loss carryforwards and for the tax year in question, petitioner claimed $ 40,114.70 as an unused loss carryforward. Section 172 allows a taxpayer to carryforward losses to subsequent tax years. In order to *319 claim such losses, the petitioner must establish that he had sufficient basis in the partnerships to be entitled to claim such losses. A distributive share of a loss is allowed only to the extent of taxpayers' adjusted basis in the partnership at the end of the year in which such loss occurred. Sec. 704(d). In general, the basis of an interest in a partnership acquired by a contribution of property, including money, is the amount of money and adjusted basis of such property contributed to the partnership increased by gain recognized. Sec. 722. A partner may deduct his share of partnership losses to the extent that he has a basis in the partnership interest. The basis is increased by taxable income and decreased by the distributive share of losses. Sec. 1.704(1)(d)(2), Income Tax Regs.
Petitioner provided this Court with no evidence upon which to calculate his basis in the partnership. Petitioner is an attorney and knew for quite some time that respondent was questioning his basis in the property. We therefore sustain respondent on this issue. The second issue is whether petitioner substantiated deductions relating to travel and office expense. We find that petitioner substantiated *320 travel expense in the amount of $ 3,966. However, we find that petitioner did not carry his burden on the office expense since he merely presented us with Visa charge slips in the total amount of $ 13,355, and we have no way of knowing what these charge slips relate to. With respect to the office expense, we sustain respondent on this issue. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩